# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 21-0307** (Harrison County 19-F-184-3)

**Donald Lawrence Campbell II,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Donald Lawrence Campbell II, by counsel Perry B. Jones, appeals the Circuit Court of Harrison County's March 17, 2021, order sentencing him to a term of incarceration of forty years following his conviction of second-degree murder. Respondent State of West Virginia, by counsel Patrick Morrisey and William E. Longwell, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. This Court finds no substantial question of law and does not disagree with the decision of the lower tribunal as to the question of law, and upon consideration of the applicable standard of review and the record presented, this Court finds no prejudicial error. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following his indictment for one count of first-degree murder, petitioner's jury trial took place over three days in July of 2020. During the trial, the State established that petitioner shot and killed his neighbor ("the victim"). The State introduced testimony from multiple witnesses, including three individuals who witnessed the murder. According to the evidence, the victim and three of the witnesses were approaching petitioner's home to inform him that the victim's tractor struck one of petitioner's lawn ornaments earlier in the day. As the victim approached on a tractor with the three witnesses following behind in another vehicle, the victim stood up on the tractor, at which point petitioner shot and killed him. Testimony from law enforcement who investigated the crime indicated that petitioner cooperated by providing the murder weapon and explaining that the shooting was the result of the victim knocking over a lawn ornament. The jury also heard evidence that the victim was known to wear a firearm on his hip, although petitioner admitted in his interview with police that the victim had never threatened him with the weapon and he did not

1

assert that the victim reached for the weapon before petitioner shot and killed him. The State produced other testimony that established that petitioner caused the victim's death.

Petitioner then testified on his own behalf and admitted that he shot the victim over the lawn ornament; that he had his hand on the murder weapon inside his pocket before he exited his home; and that he had previously thought about shooting the victim. Petitioner also claimed that the victim had assaulted him on a prior occasion, that the two had a contentious relationship, and that they had argued multiple times in the past.

Ultimately, the jury found petitioner guilty of the lesser-included offense of second-degree murder, after which the court sentenced petitioner to a term of incarceration of forty years. It is from the sentencing order that petitioner appeals.

At the outset, we must note that petitioner's brief is woefully inadequate and fails to conform to the applicable Rules of Appellate Procedure. For example, the brief lacks an assignment of error, as under the heading "Assignment of Error," counsel states as follows: "This brief is filed under the guidelines of Anders v. California, 386 U.S. 738 (1967) and Rule 10(c) 10 (b) of the West Virginia Rules of Appellate Procedure." As such, this Court is left to guess at even the most basic component of this appeal.

Having reviewed the brief, it appears that the crux of petitioner's argument is that the evidence was insufficient to support his conviction. However, resolving this ambiguity in petitioner's pleading simply leads to more deficiencies. Critically, petitioner has failed to take even the meager step of citing to the statute under which he was convicted. Consequently, an argument attacking the sufficiency of the evidence cannot withstand even the slightest scrutiny absent a citation to the essential elements of the crime in question. Indeed, it is impossible for petitioner to demonstrate reversible error to this Court when he fails to include any argument explaining how he believes the State's evidence was lacking in regard to the essential elements of the crime. In fact, although petitioner's brief contains citation to several cases, there is no argument applying those authorities to the facts of this case, in violation of this Court's rules. Specifically, this Court explained in an Administrative Order entered on December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, that "[b]riefs that . . . fail to structure an argument applying applicable law" are not in compliance with this Court's rules. In short, petitioner cannot be entitled to relief because he fails to allege any specific error below.

This is especially true when considering that

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could

find guilt beyond a reasonable doubt." Syl. Pt. 3, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 2, *State v. Juntilla*, 227 W. Va. 492, 711 S.E.2d 562 (2011). Here, petitioner has not even attempted to overcome the heavy burden contemplated by *Guthrie*.

Nonetheless, we have reviewed the record below and find that the evidence was sufficient to support petitioner's conviction. "Murder in the second degree is the unlawful, intentional killing of another person with malice, but without deliberation and premeditation." Syl. Pt. 2, in part, *State v. Drakes*, 243 W. Va. 339, 844 S.E.2d 110 (2020). Other than his bald assertion that the evidence was insufficient to support his conviction, petitioner does not dispute that these essential elements were met. Our review of the record shows substantial evidence upon which the jury based its decision, including: three eyewitnesses who saw petitioner shoot and kill the victim without any provocation; testimony from law enforcement indicating that petitioner admitted to shooting the victim and establishing that the gunshot was the cause of death; and petitioner's admissions to having previously thought about shooting the victim and the fact that he exited his home with his hand on the murder weapon as the victim approached. In short, the evidence *overwhelmingly* supports petitioner's conviction.[1]

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 17, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: August 31, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

[1]Although petitioner appears to suggest that he successfully established that he acted in self-defense, he has failed to structure a cogent argument in this regard. Accordingly, we decline to address the issue. *See State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) (observing that "the defendant raise[d] some half-hearted assignments that were not fully developed and argued in the appellate brief" and cautioning that "[a]though we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal").